[No. 4630.]

THE CITY OF DENVER v. EVANS, ADMINISTRATRIX.

**Taxes and Taxation—Cities and Towns—Public Improvements —Illegal Assessment—Recovery of Taxes Paid.**

Where an illegal assessment against property for the construction of a storm sewer was paid by the owner to prevent the property from being sold for the non-payment of such assessment which appeared to be a valid lien against the property, or to redeem the property from such sale, or was paid under protest and with notice to the treasurer that it was paid solely to redeem the property from the apparent lien and with the intention to recover the amount in the event the assessment should subsequently be declared illegal, after such assessment was adjudged illegal and set aside, the money so paid was held by the city for the use of the party so paying it, and could be recovered by an action against the city for that purpose.

*Appeal from the District Court of Arapahoe County. Hon. B. M. Malone, Judge.*

Mr. H. M. ORAHOOD, Mr. H. L. RITTER and Mr. HENRY A. LINDSLEY, for appellant.

Mr. ROBERT W. BONYNGE, for appellee.

Suit by appellee, plaintiff below, against appellant, defendant below, to recover the amount of certain illegal assessments paid by John Evans during his lifetime upon property owned by him and, since his decease, by Margaret P. Evans, his administra-

trix, for the construction of a district storm sewer in the Thirteenth Street Sanitary Sewer District. The facts, in brief, are as follows:

The original assessment of the cost of construction of the sewer against the property in question was adjudged to be invalid in the case of *Keese v. The City of Denver*, 10 Colo. 112. Thereafter the city council attempted to reassess the cost of the sewer against the property in the district under paragraph 48, article 7, of the city charter. This assessment was certified to the county treasurer on the 7th day of April, A. D. 1896, and became a lien and encumbrance valid upon its face against the lots owned by John Evans. The complaint alleges, *inter alia*, that the county treasurer at said time was endeavoring to enforce the collection of said assessment and had extended same in accordance with the statutes of the state of Colorado as a lien, charge and encumbrance against the said property of the said John Evans, as hereinbefore set forth, and was at the time about to sell the said lots for the nonpayment of the said purported assessment. "That on or about the 7th day of April, A. D. 1896, the said John Evans * * * in order to clear his property of the said apparent lien and encumbrance, which, upon its face, appeared to be a valid and existing lien and encumbrance, was obliged to, and did pay the county treasurer * * * in full for the said assessment, together with interest and charges thereon, upon said lots."

Thereafter and on or about the 3d day of September, A. D. 1896, Evans, together with certain other parties, owners of property in the sewer district, commenced an action in the district court of Arapahoe county against the city for the purpose of having the assessment declared to be null and void. Thereafter, in said action, at its April term, 1899,

the supreme court adjudged the assessment void and of no effect.—*Evans v. City of Denver,* 26 Colo. 193.

On the 3d day of July, 1897, John Evans departed this life, and on the 8th day of July, 1897, the appellee was duly appointed and qualified as administratrix of his estate. The same facts are alleged in support of the right of the appellee to recover the respective amounts paid by her, as administratrix of the estate, to relieve the property belonging to the estate of John Evans from the lien of said assessment, and it is further alleged that the payments were made by her under protest and notice to the county treasurer that she claimed that the said assessment was illegal and void. On the 28th day of February, 1902, she demanded of the treasurer the amounts so paid, together with interest, which demand was refused.

The appellant, in its answer, admits the foregoing facts, but avers that the payments set forth in the first, second and fifth causes of action were voluntary, and were paid without any notice or protest to the county treasurer; and to the third and fourth causes of action interposed a denial, upon information and belief, that any protest was made. A demurrer to the answer was sustained. Appellant elected to stand by its answer. Judgment was rendered for $3,102.68, the amount claimed, with interest. The case comes here on appeal.

Mr. Justice Goddard delivered the opinion of the court:

Counsel for appellant urge as a ground for reversal that the money sought to be recovered was paid voluntarily, and, in support of such contention, rely upon *Redmond v. Mayor,* 125 N. Y. 632, and *Tripler v. Mayor of N. Y.,* 125 N. Y. 617, which were cases brought to have certain assessments de-

clared void, and to recover back the money paid in
satisfaction thereof. An examination of these cases
will disclose a state of facts very different from those
in the case at bar. In the Redmond case, the con-
clusion reached was that the great lapse of time
during which the assessment remained without de-
mand or steps taken to collect it, the want of dili-
gence in the parties to pay it, or to move its vaca-
tion; the fact that, when payment was finally made,
it was made without any coercion and for purposes
of convenience, and immediately thereupon a claim
was filed, and as soon as possible placed in suit for
the restitution of the money on the' ground of the
illegality of the proceedings leading up to the assess-
ment—that all these were circumstances which
should preclude the court from granting the relief
demanded. In the Tripler case, the decision was
predicated upon the fact that, although notice of the
confirmation of the assessment and demand of pay-
ment within sixty days was published, the plaintiff
did not comply with the demand, and the city took
no steps towards enforcing the payment, and six
years thereafter the amount of the assessment, with
interest, was paid by one to whom plaintiff had sold
the land, out of the consideration money, that there
was written evidence on file in the public offices show-
ing the invalidity of the assessment, and the fact
that the court had, in two reported cases, decided
similar assessments which were attacked upon pre-
cisely the same ground to be invalid; these facts
were held sufficient to authorize the inference that
plaintiff, at the time of payment, had knowledge
that the assessment was void, and that there was no
coercion in fact or law.

In the case at bar, none of those reasons appear;
but, on the contrary, at the time the payments set
out in the first and second causes of action were

made, the assessor was about to sell the property for the non-payment of the assessments, which appeared to be a valid lien against the same. The payments set out in the third and fourth causes of action were made under protest, and with notice to the treasurer that it was solely to redeem the property from the apparent lien and with the intention on the part of the administratrix to recover the amount in the event that the assessment should subsequently be declared illegal. In the fifth cause of action, it is alleged that the property had been sold for the non-payment of the assessment, and a certificate of purchase was outstanding. In such circumstances, after the assessment has been set aside as illegal, the money paid in good conscience belongs to the party paying it, and it is held by the city for his use.—*Mayor v. Riker,* 38 N. J. Law 225; *Jersey City v. O'Callaghan,* 41 N. J. Law 349.

In these cases, the question at issue was the same as in the case at bar, to wit: whether a party who had paid an assessment for the benefit of his property by the construction of a sewer could, after such assessment had been adjudged illegal and had, for that reason, been set aside, recover the money so paid. The court, while recognizing the general rule that where a party voluntarily pays a tax assessed upon his property he cannot maintain an action to recover the same, held that this rule is not applicable where an assessment like the one in question has been set aside by judicial decision. In the former case, Beasley, chief justice, declares:

"Had this suit been brought upon the payment of the tax, and before any change in the situation had occurred, the case would have been the ordinary one presented in the reports and ruled by the decisions. But that is not so; there is a new element here, and that is, the tax which was paid has been set aside.

The consequence is, the payment has nothing, either in theory or in fact, to rest upon."

We think the judgment of the court below is supported by the rule announced in these latter cases, and is in accordance with the principles of common honesty. It is therefore affirmed.

Decision *en banc*.                    *Affirmed*.